IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| TROPHY RIDGE, LLC,<br><br>       Plaintiff,<br><br>  vs.<br><br>VITAL BOW GEAR, INC., MOOSE MANUFACTURING, INC., ABBAS BEN AFSHARI, an individual, and ANNETTE MARIA GERVAIS-AFSHARI, an individual,<br><br>       Defendants,<br><br>VITAL BOW GEAR, INC. and MOOSE MANUFACTURING, INC.,<br><br>       Counter-Claimants,<br><br>  vs.<br><br>TROPHY RIDGE, LLC,<br><br>       Counter-Defendant. | CV-03-10-BU-CSO<br><br>**ORDER DENYING AFSHARIS' MOTION TO DISMISS** |

Now pending before the Court is Defendants Abbas Ben Afshari ("Ben Afshari") and Annette Maria Gervais-Afshari's ("Maria Afshari")[1] motion to dismiss. See *Court's Doc. No. 218*. The Afsharis requests dismissal from this action pursuant to Rules[2] 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure for

---

[1] This motion was not brought by all Defendants. The Court will refer herein to those bringing the motion collectively as "the Afsharis".

[2] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

lack of personal jurisdiction and improper venue, or in the alternative transfer to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1404(a).  Having reviewed the Afsharis' and Plaintiff Trophy Ridge, LLC's ("Trophy Ridge") filings, the Court is prepared to rule.

### I.     PROCEDURAL BACKGROUND[3]

On February 19, 2003, Trophy Ridge filed its Complaint against Defendant Vital Bow Gear, Inc. ("VBG") alleging infringement of U.S. Patent No. 6,418,633 ("the '633 patent"). See *Court's Doc. No. 1*.  VBG filed a motion to dismiss for lack of personal jurisdiction and improper venue on March 24, 2003, (*Court's Doc. No. 3*), which the Court denied. See *Court's Doc. No. 17*.

On April 27, 2005, Trophy Ridge moved for leave to file a First Amended Complaint seeking leave to name Ben Afshari, Maria Afshari, and Moose in the lawsuit. See *Court's Doc. No. 121*.  VBG opposed the motion. See *Court's Doc. No. 124*.  The Court granted Trophy Ridge's motion on May 12, 2005. See *Court's Doc. No. 131*.  Trophy Ridge's First Amended Complaint was filed the next day. See *Court's Doc. No. 132*.  VBG filed its Answer, Counterclaim and Demand for Jury Trial to Trophy Ridge's First Amended Complaint on June 2, 2005.  See *Court's Doc. No. 136*. The

---

[3] This case has an extensive procedural background.  Hence, the Court in this Order will only refer to those matters that are pertinent to the issues before the Court.  Further, the Court will not recite this case's factual background, as it has been widely discussed in the Court's previous orders.

Afsharis filed their Answer, Counterclaim and Jury Demand on June 28, 2005.  See *Court's Doc. No. 148*.  In their answer, the Afsharis alleged numerous affirmative defenses, including lack of personal jurisdiction.

On May 18, 2005, Trophy Ridge filed another action against VBG and the Afsharis in the District of Montana alleging infringement of a second patent, United States Patent No. 6,892,462 ("the '462 patent").  See *Court's Doc. No. 1*, Cause No. CV-05-30-BU-RFC.  The Afsharis filed their Answer, Counterclaim and Jury Demand to this complaint on June 21, 2005.  See *Court's Doc. No. 14*, Cause No. CV-05-30-BU-RFC.  In their answer, the Afsharis alleged numerous affirmative defenses, including lack of personal jurisdiction.  On June 28, 2005, Trophy Ridge's two pending actions were consolidated.  See *Court's Doc. No. 27*, Cause No. CV-05-30-BU-RFC.

On September 1, 2005, all Defendants moved for leave to file a consolidated Answer, Counterclaim, and Jury Demand.  See *Court's Doc. No. 187*.  In their motion, Defendants indicated that a consolidated pleading was needed to make all Defendants' claims and defenses consistent.  On September 19, 2005, the Court granted Defendants' motion.  See *Court's Doc. No. 190*.  Defendants' Consolidated Answer, Counterclaims and Jury Demand was filed on September 19, 2005.  See *Court's Doc. No. 191*.  In their consolidated answer, Defendants included the affirmative defense lack of personal jurisdiction.

On January 5, 2006, Trophy Ridge moved to dismiss its claims

for infringement of the '633 patent and Defendants' declaratory judgment counterclaim relating thereto.  See *Court's Doc. No. 200*.  Trophy Ridge filed a statement of non-liability in support of its motion to dismiss.  See *Court's Doc. No. 202*.  Defendants filed their response to Trophy Ridge's motion, indicating that they did not oppose the motion.  See *Court's Doc. No. 208*.  The Court granted Trophy Ridge's motion on February 14, 2006.  See *Court's Doc. No. 209*.

On January 19, 2006, Defendants' counsel moved for leave to withdraw.  See *Court's Doc. No. 205*.  The Court denied the motion, with leave to renew.  See *Court's Doc. No. 207*.  On February 14, 2006, defense counsel again moved for leave to withdraw.  See *Court's Doc. No. 211*.  In their motion, counsel indicated that Ben and Maria Afshari would represent themselves *pro se* and corporate Defendants VBG and Moose were attempting to secure new counsel.  On March 6, 2006, the Court granted counsel's motion to withdraw.  The Court instructed Ben and Maria Afshari to immediately file appearances *pro se* and required corporate Defendants' new counsel to make an appearance on or before March 24, 2006.  See *Court's Doc. No. 214*.

The Afsharis filed notices of their appearance *pro se* on March 14, 2006.  See *Court's Docs. Nos. 216 & 217*.  To date, no counsel has appeared on behalf of the corporate Defendants.  On March 26, 2006, the Afsharis filed this motion to dismiss.  Trophy Ridge filed its response on April 12, 2006, (*Court's Doc. No. 222*), and the Afsharis filed their reply on April 27, 2006.

See *Court's Doc. No. 228*.

## II.  **PARTIES' ARGUMENTS**

The Afsharis argue that this Court lacks personal jurisdiction over them.  *Def.s' Brief in Support of Mot. to Dismiss* ("*Def.s' Brief*") at 6-12.  They also allege that the Court lacks venue over the pending lawsuit.  Id. at 13-14.  Finally, the Afsharis contend that if the Court does not dismiss this action, they ask that in the alternative the case be transferred to the District of Idaho pursuant to 28 U.S.C. § 1404(a).  Id. at 14.

In response, Trophy Ridge asserts that "this Court has specific jurisdiction over the Afsharis and Moose for the same reasons that supported this Court's determination that it had specific jurisdiction over VBG."[4]  *Plf.'s Opposition to Def.s' Mot. to Dismiss* ("*Plf.'s Brief*") at 6.  It argues that the Afsharis' "substantive arguments" do not need to be addressed because the Afsharis have waived their right to contest personal jurisdiction or venue.  Trophy Ridge contends that the Afsharis have already submitted to the jurisdiction of this Court.  Id. at 6-7.  It asserts that the Afsharis also failed to timely object to venue, and thus have waived that defense.  Id. at 7.  Trophy Ridge argues that the Afsharis' motion is improper and should be denied because it was brought on behalf of Moose by Maria

---

[4] Trophy Ridge is referring to the Court's June 19, 2003, Order (*Court's Doc. No. 17*) denying VBG's motion to dismiss for lack of jurisdiction and improper venue.

-5-

Arshari, and not by counsel.  Id. at 7-8.  Finally, it asks that the Court grant sanctions against the Afsharis because their motion "is wholly unsupportable and frivolous."  Id. at 8.

### III. DISCUSSION

#### A.   MOOSE'S STATUS

The Court notes that in the present motion, Moose Manufacturing, Inc.'s ("Moose") President, Maria Afshari, attempts to seek a court ruling on behalf of Moose.  See *Def.s' Mot.* at 2; *Def.s' Brief* at 14; *Def.s' Reply* at 6 (signature line of Moose signed by Maria Afshari).  The Afsharis have repeatedly been advised that as an incorporated entity, Moose cannot proceed *pro se* through its officers, but must be represented by an attorney licensed to practice before this Court.  See *Court's Docs. Nos. 207* at 2-3; *214* at 3.

Local Rule 83.15(b) states that "[a]ny entity other than an individual, including but not limited to a corporation, . . . may appear only by an attorney."  See also D-Beam Ltd. Partnership v. Roller Derby Skates, Inc., 366 F.3d 972, 974 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney") (citations and internal quotation marks omitted); State ex rel. Freebourn v. Merchants' Credit Serv., 104 Mont. 76, 66 P.2d 337, 342 (1937), *overruled in part on other grounds by*, Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060 (Mont. 1941) ("It is everywhere held that a corporation can never be authorized to practice law itself....").  Maria Afshari is not an attorney

-6-

licensed to practice before this Court, and thus may not appear on behalf of Moose. The Afsharis are advised that, if any further documents are submitted on behalf of a corporate Defendant by its officers, and not through a licensed attorney, sanctions will be imposed. See L.R. 83.15(a).[5]

**B.    VENUE**

The Afsharis move to dismiss this action under Rule 12(b)(3). "The objective of Federal Rule 12 is to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases. It does so in part by providing a streamlined system for the presentation of defenses and objections." *5B Wright & Miller, Fed. Practice & Proc., Civil 3d § 1342*. Rule 12, specifically Rule 12(h), "promotes the early and simultaneous presentation and determination of preliminary defenses." Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed on other grounds*, 487 U.S. 412.

Defenses, such as improper venue, are waived if they are "neither made by motion under this rule nor included in a responsive pleading or an amendment thereof[.]" Fed. R. Civ. P. 12(h)(1); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). A party intending to assert a Rule 12 defense or

---

[5]Local Rule 83.15(a) provides that "a self-represented person is bound by the Federal Rules, as well as all applicable local rules. Sanctions, including but not limited to entry of default judgment or dismissal with prejudice, may be imposed for failure to comply with local rules."

objection in a pre-answer motion must do so before the responsive pleading is due.  Fed. R. Civ. P. 12(b); Augustine v. U.S., 704 F.2d 1074, 1075 fn. 3 (1983) (stating that "[b]ecause [the Rule 12] motion was made after the government's responsive pleading, it was technically untimely").  Accordingly, Rule 12 motions must be served generally within twenty-days after service of the complaint.  Fed. R. Civ. P. 12(a)(1).

The Afsharis argue that venue is improper because pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the United States District Court for the District of Idaho, because the Afsharis are residents of Idaho.  *Def.s' Brief* at 13.  They contend that "[n]one of the alleged acts of Defendants which give rise [to] Plaintiff's causes of action occurred in Montana."  Id. The Afsharis assert that the only allegations which involve Montana "are that the sales of allegedly infringing products in [the] state of Montana, which was only true for VBG[.]"  Id.  The Court finds that venue is properly in Montana.

To date, the Afsharis have never raised the defense of improper venue.  They did not bring a Rule 12(b)(3) motion before filing their answer, nor did they raise this defense in their answer.  Thus, pursuant to Rule 12(h)(1), the Afsharis have waived this asserted defense.  Libby McNeill & Libby v. City Nat. Bank, 592 F.2d 504, 510 (9th Cir. 1978) (holding that improper venue was waived where there was no timely objection).

Accordingly, the Court will deny the Afsharis' motion to dismiss for improper venue.

## C.     PERSONAL JURISDICTION

The Afsharis also move to dismiss this action under Rule 12(b)(2).  The Afsharis argue that this Court lacks personal jurisdiction over them.  *Def.s' Brief* at 6-12.  They contend that because they have no contacts within the State of Montana, Trophy Ridge is unable to satisfy its burden of establishing jurisdiction.  Id. at 7.  The Afsharis assert that the Court lacks jurisdiction under the Montana Long-Arm statute.  Id. at 8-9.  They argue that the Court also lacks jurisdiction under the minimum contacts test.  Id. at 10-12.  The Afsharis contend that they have not had "'continuous and systematic general business contacts' with Montana as demonstrated by the[ir] attached declarations."  Id. at 10.  They argue that they have not had "'minimum contacts[]' sufficient to satisfy the requirements of the due process clause."  The Afsharis contend that any assertion of jurisdiction on the part of this Court would offend "traditional notions of fair play and substantial justice."  Id. at 11.

The initial question before the Court is whether the Afsharis have waived their defense as presented.  Usually, a party preserves a defense by timely raising it.  Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998));[6] see

---

[6] The Court notes that, generally speaking, personal jurisdiction over a defendant in a patent case is the same as in any other case. VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 n. 20 (Fed. Cir. 1990), cert. denied, 499 U.S. 922 (1991).  Federal Circuit law, rather than the relevant regional circuit law, applies in determining whether assertion of personal jurisdiction violates

also New.Net, Inc. v. Lavasoft, 356 F.Supp.2d 1071, 1074 (C.D. Cal. 2003).  The Afsharis have answered Trophy Ridge's First Amended Complaint and have asserted the affirmative defense of personal jurisdiction.  Raising the defense of personal jurisdiction at the early stage, however, does not mean that a party cannot thereafter waive it.  "Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation."  Id.; see also Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939) (this defense "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct").

    In this instance, considerable time (approximately nine months) has lapsed since the Afsharis first raised the issue of lack of personal jurisdiction in their answer.  Since the filing of their answer, the Afsharis have actively participated in the proceedings, including their participation in oral argument regarding Trophy Ridge's motion for a preliminary injunction.  At the July 27, 2005, hearing on the preliminary injunction motion, the Afsharis never once complained that the Court lacked personal

---

federal due process, LSI Induc. Inc. v. Hubbell Lighting, 232 F.3d 1369, 1371 (Fed. Cir. 2000), or whether the personal jurisdiction issue is "intimately involved in the substance of enforcement of the patent right." Amana Refrigeration Inc. v. Quadlux Inc., 172 F.3d 852, 856-57 (Fed. Cir. 1999).  However, in this instance the Court will apply the law of the Ninth Circuit and the District of Montana. The issue presently before the Court deals with the procedural issue of waiver, and not the substantive issue of personal jurisdiction. The waiver issue presented is not unique to patent law.  Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1363 (Fed. Cir. 2004).

jurisdiction over this dispute.  Nor did the Afsharis mention the issue in their briefing in opposition to the preliminary injunction motion.  See *Court's Doc. No. 20*, Cause No. CV-05-30-BU-RFC; *Court's Doc. No. 180*.  The Afsharis have also participated in other proceedings with this Court including: a telephonic scheduling conference on June 30, 2005, (*Court's Doc. No. 150*); the claim construction process (*Court's Docs. Nos. 195 & 212*); Trophy Ridge's motion to dismiss its claims of infringement of the '633 (*Court's Doc. No. 208*); and settlement negotiations.  See *Court's Doc. No. 199*.

Accordingly, based on the foregoing, the Court finds that the Afsharis have waived their right to assert lack of personal jurisdiction as a defense in this case.  See New.Net, 356 F.Supp.2d at 1074; Network Professionals, Inc. v. Network Int'l, Ltd., 146 F.R.D. 179, 182 (D. Minn. 1993) (Defendants raised the defenses of lack of personal jurisdiction in its complaint, but delayed in filing its motion to dismiss for more than a year. The Court found that defendant's conduct of opposing plaintiff's motion for preliminary injunction waived the defense).

Based on the foregoing, the Afsharis' motion to dismiss for lack of personal jurisdiction will be denied.

### D.   28 U.S.C. § 1404(a)

In the alternative, the Afsharis state that if the Court is "disinclined" to dismiss the action, they contend that the case should be transferred under 28 U.S.C. § 1404(a) to the District of Idaho.  Id. at 14.  Title 28 U.S.C. § 1404(a) provides that

"[f]or the convenience of parties, witnesses and in the interest of justice," the court may transfer an action "to any other district or division where it might have been brought." A motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h). *5B Wright & Miller, Fed. Practice & Proc., Civil 3d § 1352*.

The party moving for transfer of a case bears the burden of demonstrating that transfer is appropriate. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Court has broad discretion and should weigh the particular facts of each case. E. & J. Gallo Winery v. F. & P.S.p.A., 899 F.Supp. 465, 466 (E.D. Cal. 1994). Section 1404(a) provides three factors for the Court's consideration. These factors are further broken down into the following relevant considerations: (1) convenience of witnesses; (2) judicial economy; (3) relative ease of access of proof; and (4) availability of compulsory process. Id.

Generally, convenience of the parties and witnesses is subordinate to the interest of justice factor. Anderson v. Thompson, 634 F.Supp. 1201, 1204 (D. Mont. 1986). Due consideration must given to Trophy Ridge's choice of forum. Continental Oil Co. v. Atwood & Morrill Co., 265 F.Supp. 692, 699 (D. Mont. 1967) ("Unless a defendant makes a strong showing in favor of transfer, the plaintiff's choice of forum is rarely disturbed").

Here, the Afsharis filed a one paragraph motion to transfer,

simply requesting that the Court transfer this case to the District of Idaho.  See *Def.s' Brief* at 14.  No further argument was provided.  The Afsharis included declarations from Ben Afshari and Maria Afshari within their motion.  See *Def.s' Brief* at Exs. 2 & 3; *Court's Doc. No. 229*.  These declarations, however, offer no support for why transfer is appropriate.  The Court cannot rely on conclusory declarations to support a transfer.  In their reply brief, the Afsharis argue that because corporate Defendants have counsel in Idaho and Trophy Ridge has strong ties to the state and "could definitely find legal representation in the State of Idaho" then transfer is appropriate.  The convenience of counsel, however, is not a consideration for the Court.  E. & J. Gallo, 899 F.Supp. at 466; see also Anderson, 634 F.Supp. at 1204 fn. 2.

Except for their own convenience, the Afsharis have made no arguments that any of the other § 1404(a) factors apply.  The Court cannot order a transfer simply to make it more convenient for the Afsharis.  See Reed Elsevier, Inc. v. Innovator Corp., 105 F.Supp.2d 816, 821 (S.D. Ohio 2000) (holding that "[t]he venue transfer provisions of Section 1404(a) are not meant to merely shift the inconvenience to the plaintiff") (internal quotes omitted).

This Court's familiarity with the case after over three years of litigation also directs a finding against transferring venue.  See Allen v. Scribner, 812 F.2d 426, 436 (9th Cir. 1987).  This case presents complicated issues on which this Court and the

parties have spent considerable time.  Asking another Court to assume this case would not promote judicial economy.  If the Court were to order the transfer, it is likely that there would be concomitant delays, which in turn would result in a substantial waste of time and money.  See Savage, 611 F.2d at 279.

Based on the foregoing, the Court finds that the Afsharis have failed to meet their burden of demonstrating that transfer is appropriate.  Accordingly, the Court will deny the Afsharis' motion to transfer pursuant to 28 U.S.C. § 1404(a).

**E.   RULE 11 SANCTIONS**

In its response brief, Trophy Ridge asks the Court to order the Afsharis to pay the fees and costs incurred by Trophy Ridge in responding to this motion.  *Plf.'s Brief* at 8.  Trophy Ridge contends that the Afsharis' motion "is wholly unsupportable and frivolous" and has required Trophy Ridge to expend valuable time and resources responding to it.  It argues that the Court has the authority "to grant sanctions both to address the present impropriety as well as in an effort to deter future improprieties."  Id.  The Afsharis disagree.  *Def.s' Reply* at 5-6.

Trophy Ridge's request for sanctions will be denied.  Rule 11(c)(1)(A) provides that:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 5, but shall not be filed with or

>     presented to the court unless, within 21 days
>     after service of the motion (or such other period
>     as the court may prescribe), the challenged paper,
>     claim, defense, contention, allegation, or denial
>     is not withdrawn or appropriately corrected.

(Emphasis added). Trophy Ridge did not follow this procedure. Trophy Ridge filed its Rule 11 "Request for Sanctions" within its response brief to the Afsharis' motion to dismiss. It did not make a separate motion. Trophy Ridge did not serve the Afsharis with the motion in advance of filing, and thus did not comply with the twenty-one day advance service provision. Not having followed this procedure, Trophy Ridge is not entitled to sanctions. See Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) (holding that the procedural requirements of Rule 11(c)(1)(A) are mandatory); see also Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 142 (2nd Cir. 2002) (finding it an abuse of discretion to grant a party's motion for sanctions which was not made separately, and was only included in memorandum addressing the underlying issues before the court).

## VI.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the Afsharis' "Motion to Dismiss Under Rule 12(B)(2) and 12(B)(3) for Lack of Jurisdiction and Venue or For Transfer Under 28 U.S.C. § 1404(a) (Special and Limited Appearance)" (*Court's Doc. No. 218*) is **DENIED**.

DATED this 9th day of May, 2006.

/S/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge